# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51178-9-II |
| Respondent, | |
| v. | |
| ROBERT WOODWARD, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Robert Woodward appeals the trial court's order denying his post-conviction motion to compel a copy of his client file from his trial attorney, Ronald Sergi, and to compel discovery from the State to assist him in filing a personal restraint petition (PRP). He argues that the trial court erred when it denied his motion under the rules of professional conduct and the criminal rules. We hold that the trial court did not err by denying Woodward's motion to compel, and affirm.

## FACTS

In 2011, the State charged Woodward with two counts of first degree child molestation, and one count of first degree rape of a child. He was appointed counsel, Ronald Sergi, and proceeded to a jury trial.[1] The jury found him guilty as charged. Woodward appealed and we affirmed his convictions, but remanded for resentencing.[2]

---

[1] The record does not have information about Sergi's appointment, but it appears undisputed that Woodward was indigent throughout his trial and appeals, and that Sergi was appointed as his trial counsel.

[2] *State v. Woodward*, noted at 179 Wn. App. 1028, 2014 WL 547963, at *8.

On resentencing, Woodward was represented by substituted counsel, Jeanette Boothe. On September 8, 2014, the sentencing court imposed a sentence of 18 years and entered judgment. Woodward filed two PRPs.

Woodward, acting pro se, filed a motion to compel his client file from Sergi, and to conduct discovery and inspection of the State's records. In his motion, Woodward presented two separate requests. First, he requested that Sergi provide Woodward "with his attorney work product and Discovery that was generated by the State at trial." Clerk's Papers (CP) at 49. Second, Woodward on August 7, 2017, requested that the State "permit discovery and inspection or copying" of seven "General Items."[3] CP at 54. In support of his motion, Woodward provided, in relevant part, a copy of a written request that he sent to Sergi and a copy of Sergi's response to his request.

Sergi filed a response to Woodward's motion, stating that he was no longer in possession of Woodward's file, and he was not authorized to release any records that remained in his possession. Sergi noted that Woodward's file may have been given to Boothe when she appeared to represent Woodward at resentencing.

The superior court held a hearing on Woodward's motion.[4] The court found that Sergi was not in possession of the files. The court found that at resentencing Boothe appeared and requested Woodward's file. The court noted that the record was unclear as to whether Boothe, as substituted

---

[3] Woodward's list of "general items" included any physical or tangible objects that may be relevant to Woodward's guilt or innocence, any documents or records related to the accuracy or reliability of scientific or expert testing, the criminal records of the State's witnesses, any exculpatory or mitigating evidence, any evidence that might undermine the credibility of the State's witnesses, and statements of witnesses who the State did not call at trial.

[4] The State did not file a written response to Woodward's motion to compel, but appeared at the hearing.

counsel, in fact had possession of the discovery and the client file or whether she had provided these records to Woodward. The court noted that Woodward was entitled to some materials and discovery, subject to redactions and limitations, including providing any redacted copies to the court and the prosecutor for approval under CrR 4.7 prior to redacted copies being provided. The court, however, denied Woodward's motion to compel because although Woodward was generally entitled to some of the materials, Sergi was not in possession of those materials. The court signed an order of indigency.[5] Woodward appeals.

## ANALYSIS

Woodward argues that the trial court erred by denying his motion. Specifically, Woodward argues that he was entitled to a copy of his client file from his trial counsel and discovery from the State under RPC 1.16(d) and CrR 4.7(a), and because he was entitled, the trial court erred by denying his motion to compel. We disagree. Although Woodward is entitled to a copy of his client file, subject to redactions and limitations under CrR 4.7, he was not entitled to discovery from the State in post-conviction proceedings, and thus, the trial court did not err in denying his motion.

### I. MOTION TO COMPEL CLIENT FILE FROM COUNSEL

Woodward argues he is entitled to obtain a copy of his client file from his trial counsel, but he fails to address that his trial counsel no longer had his client file and could not provide his client file. Accordingly, we hold that the trial court did not err by denying Woodward's motion to compel Sergi to provide a copy of Woodward's client file.

---

[5] We dismissed Woodward's PRP in January 2018. Ruling Denying Review, *In re Pers. Restraint of Woodward*, No. 47810-2-II (Wash. Ct. App. Jan. 25, 2018).

Washington State Bar Association (WSBA) Advisory Opinion 2117 provides guidance and opines that, subject to the redaction requirements of CrR 4.7(h)(3), "[a]t the conclusion of representation . . . the obligation of the attorney is [to] turn the file over to the client." WSBA RULES OF PROF'L CONDUCT COMM., ETHICS ADVISORY OP. 2117, at 3 (2006).[6] CrR 4.7(h)(3) provides that "a defense attorney shall be permitted to provide a copy of the materials to the defendant after making appropriate redactions which are approved by the prosecuting authority or order of the court."

It is undisputed that Woodward is entitled to certain materials from his trial counsel, subject to redactions and limitations under CrR 4.7(h)(3). Woodward moved to compel his trial attorney, Sergi, to produce his client file,[7] but not his substituted counsel, Boothe. But, Woodward does not provide discussion or authority demonstrating that the trial court is able to compel trial counsel to produce the client files that are no longer in trial counsel's possession or under counsel's control, or that the court, by denying the motion to compel, erred. Sergi, in his response, explained that (1) he did not have the file, (2) he had previously explained to Woodward that he no longer had the client file, and (3) he believed he transferred the client file to Boothe, who represented Woodward at resentencing.

---

[6] http://mcle.mywsba.org/IO/searchresult.aspx?year=&num=2117&arch=False&rpc= &keywords=

[7] Woodward also moves to compel the State to provide discovery. However, under the Rules of Professional Conduct (RPC), the State does not have an attorney-client relationship with Woodward nor does the State have control over Woodward's attorneys. Thus, RPC 1.16(d) does not apply to the State. Further, the State argues that it should not be made a party of any dispute regarding the client file between Woodward and his attorneys. Thus, the State is not discussed in conjunction with Woodward's arguments regarding RPC 1.16(d).

The superior court found that "Mr. Sergi does not have the file . . . it may have been turned over to another attorney." CP at 74. Woodard does not challenge this finding on appeal. "Unchallenged findings of fact are verities on appeal." *State v. Rankin*, 151 Wn.2d 689, 709, 92 P.3d 202 (2004) (Ireland, J., dissenting). Accordingly, we hold that the court did not err by denying Woodward's motion to compel trial counsel to provide a copy of his client file.

## II. POST-TRIAL MOTION TO COMPEL DISCOVERY FROM THE STATE

Woodward argues that the superior court erred by denying his post-trial motion under CrR 4.7(a)(1) to compel the State to provide him discovery to aid him in filing a PRP. The State argues that the prosecution has no duty to provide open-ended discovery post-conviction to Woodward to aid him in filing a PRP. We agree with the State and hold that the superior court did not err by denying Woodward's motion under CrR 4.7(a)(1) because this rule does not apply post-trial.

CrR 4.7 applies to pretrial discovery procedures. Our Supreme Court observed that pretrial discovery principles do not apply to post-conviction processes. *See State v. Mullen*, 171 Wn.2d 881, 902, 259 P.3d 158 (2011). Although the State has an ongoing duty to disclose evidence, this duty does not extend eternally to post-conviction proceedings. *See In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 390-91, 972 P.2d 1250 (1999). Woodward's discovery request to the State was filed on August 7, 2017, well after his conviction, and entry of judgment and sentence on September 8, 2014. Thus, because CrR 4.7 does not apply to post-conviction proceedings, we hold that Woodward's claim fails.

"[P]risoners seeking post-conviction relief are not entitled to discovery as a matter of ordinary course, but are limited to discovery only to the extent the prisoner can show good cause to believe the discovery would prove entitlement to relief." *Gentry*, 137 Wn.2d at 391. There is

no generalized constitutional or rule-based right to discovery in noncapital, post-conviction proceedings. *Gentry*, 137 Wn.2d at 389-94.

Woodward is not entitled to ongoing discovery post-conviction from the State. We agree with the State that Woodward may request the State's records by making a public records request under chapter 42.56 RCW. Accordingly, we hold that the trial court did not err by denying Woodward's motion to compel post-trial discovery from the State.

CONCLUSION

We hold that the trial court did not err by denying Woodward's motion to compel a copy of his client file from trial counsel or compel post-trial discovery by the State, and we affirm the superior court's order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.